IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY C. ELLWOOD,

        Plaintiff,                           10cv0356

  v.                                 **ELECTRONICALLY FILED**

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

        Defendant.


**MEMORANDUM ORDER**


This is an action for short-term and long-term disability benefits under the Employment

Retirement Income Security Act of 1974 (ERISA).  29 U.S.C. § 1132(a)(1)(B).  Before the

Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim

Pursuant to Fed. R. Civ. P. 12(b)(6) (doc. no. 8).  Defendant argues that plaintiff has failed to

exhaust his administrative remedies and has failed to plead sufficient facts to establish that the

appeal of defendant's denial of benefits would have been futile.  Plaintiff disagrees and argues

that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the facts alleged are sufficient

to suggest that it was not unreasonable for him to seek immediate judicial review, instead of

filing an appeal with the defendant.

In light of the Supreme Court's decision in *Twombly*, 550 U.S.544 (2007), a complaint

may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570).   While *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v.*

*Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged, that exhaustion would have been futile, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable

inference that the defendant is liable for the conduct alleged.'").    Accordingly,[1]

      **AND NOW, this 25th day of May, 2010,** after due consideration to defendant's motion

to dismiss the complaint (doc. no. 8), and plaintiff's response thereto (doc. no. 12), **IT IS**

**HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to

State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) **IS**

**DENIED** without prejudice to defendant raising the issues set forth therein in a motion for

summary judgment at the appropriate time following discovery.

                      SO ORDERED this 25th day of May, 2010.

                      s/Arthur J. Schwab
                      Arthur J. Schwab
                      United States District Judge

cc:     All Registered ECF Counsel and Parties

---

[1] The Court notes that the lead case on the exhaustion requirement at issue here was decided in the context of summary judgment, not in the context of a motion to dismiss. *Harrow v. Prudential Ins. Co. of America*, 29 F.3d 244, 249-250 (3d Cir. 2002).